## Mulvahill & Baker v. B. Cohen.

**Attachment — Excessive Damages.**

> An attachment was sued out on an account of $113.23, and on dismissal of same, damages were assessed at $150. *Held*, that the damages were excessive.[1]

B. Cohen was operating a general store in Woodville, Miss., in July, 1882, and purchased of appellants a bill of goods upon which there was due $113.23. On the 21st of said month, Mulvahill & Baker, plaintiffs below, sued out an attachment on said account of $113.23, and levied on goods of defendant amounting to $360 in the aggregate. The affidavit upon which this attachment was issued was, in the main, in the following words: " Personally appeared C. P. Neilson, agent and attorney for Mulvahill & Baker, and made oath that B. Cohen is justly indebted to the said Mulvahill & Baker in the sum of $114, or thereabouts, and

[1]

On sustaining a plea in abatement the measure of damages is the same as in a suit on the attachment bond. In estimating " actual damages " the jury may consider expenses and loss incurred in making defense to the attachment, and loss occasioned by being deprived of the use of the property pending the attachment by an illegal sale of it, or by injury thereto, or loss or destruction thereof. Marqueze v. Southeimer, 59 Miss. 430.

In the absence of malice or oppression on the part of plaintiff, the damages for a wrongful attachment should be limited to those actually sustained. Myers v. Farrell, 47 Miss. 281.

Although loss of trade and special injury to business may be considered in estimating defendant's damages for wrongful attachment, these do not include contingent and uncertain profits which defendant might make. Damages in the case at bar held to be speculative and excessive, necessitating a reversal. Myers v. Farrell, 47 Miss. 281.

Actual damages are recoverable on an attachment bond when a breach occurs; and counsel fees are embraced. Marqueze v. Southeimer, 59 Miss. 430; Buckley v. Van Diver, 70 Miss. 622, 12 So. 905.

Attorneys' fees can be allowed only for defending the attachment issue exclusive of the counter demand for damages; and fees are to be allowed for one firm only, unless the jury shall be satisfied by the evidence that the necessities of the case required more than one. Roach v. Brannon, 57 Miss. 490.

Under section 1462, Code 1871, damages for the wrongful issuance of an attachment must be compensatory, and the enumerated elements of damages, lawyers' fees, traveling expenses, hotel bills, loss of trade, and special injury to business are exclusive of all others. Roach v. Brannon, 57 Miss. 490.

that said B. Cohen has disposed of, or is about to dispose of, her property or rights in action or some part thereof with the intent to defraud her creditors, and that she fraudulently contracted said debt."

Bond was entered into in the sum of $230 that " we, C. P. Neilson, agent and attorney for Mulvahill & Baker, are firmly bound," etc. This bond is signed, " Mulvahill & Baker, by C. P. Neilson, Atty. & Agt. C. Shaefer." A sworn statement of account against B. Cohen was filed, showing a balance of $113.23. A motion was made at the trial of the cause before the justice of the peace to quash the attachment, denying the allegations in the affidavit, and (1) because the bond was not in double the amount of the debt; (2) there was no surety named in the bond; (3) the affidavit is not for the amount shown by the sworn statement and that the levy was excessive. Which motion was sustained.

On appeal to the Circuit Court, a motion to quash the attachment was overruled, and a plea in abatement was filed, denying all allegations in the attachment affidavit. The evidence showed that appellants and others had been running accounts with B. Cohen since the early part of the year 1881. Also that on April 13, 1882, a judgment was obtained by J. Frieson & Co. against defendant for $642.12, and that on May 16, 1882, the goods, wares, and merchandise of B. Cohen was sold for $490 and bought in by the judgment creditor, who took charge of the store and employed the father of defendant to operate same. A judgment was rendered in favor of defendant dismissing the attachment and assessing the damages at $150. From which plaintiffs appeal.

APPEALED from Circuit Court, Wilkinson county, J. B. CHRISMAN, Judge.

Reversed and remanded, February 23, 1885.

*Attorney for appellant, C. P. Neilson.*

*Attorney for appellee, D. C. Bramlett.*

Brief of C. P. Neilson:

This is a suit by attachment, filed in April, 1882. The case was tried in April, 1884. The verdict of the jury was that the attachment was wrongfully sued and assessed the damages at

$150. On motion for new trial, defendant entered a remittur to the amount of $50. The court applied the Act of 1884 and rendered judgment that " the suit abate." This was clearly erroneous. In the case of Powers v. Wright, decided at this term, Opinion Book L, page 391, the court says the Act of 1884, amendatory of the Attachment Law, is prospective in its effect and cannot be applied to suits pending at its passage. This is the fifth and last assignment of error, and we think alone secured a reversal. We insist that the verdict should be set aside. The testimony of Cohen, taken altogether, sustains the attachment. The damages, even at $100, are excessive. The store was closed by the attachment of Picard & Weil; on the 10th of April, 1882, the goods were seized under Freehan's execution, and on the 16th sold for $490.

Cohen testified that the " goods deteriorated in value $200 from moldy and rotting potatoes, fruit," etc. The inventory shows less than $20 worth of potatoes and fruits, and the schedules and sheriff's return shows a sale for $130 in excess of the value at the time of the levy.

Brief of D. C. Bramlett:

The judgment of the court below that the suit abates upon the failure of appellants to sustain their attachment was in accordance with law. That under the Code of 1880, appellants only, and by virtue of the law there contained, had the right to proceed with their case and obtain judgment upon failing to establish his attachment, and this provision of the Code was repealed by Act of 1884. The case of Powers v. Wright, cited by counsel, holds that the Act of 1884 is not prospective as to vindictive damages, but as to the remedial portion of this law it is prospective, and sustains the action of the court below.

The damages allowed appellee by the jury were actual damages only, and the amount, deducting the *remittitur* entered by appellee, was fully warranted by the testimony of J. Cohen and Sheriff Miller.

Appellants were not entitled to their attachment for the female witness, appellee. The attendance of a female witness cannot be compelled, except after deposition taken upon affidavit that the personal attendance of such witness in open court is necessary for the ends of justice. Code of 1880, § 1608.

OPINION.— CAMPBELL, C. J., delivered the opinion of the court:

The attachment was wrongfully sued out, but the damages adjudged therefor were excessive.

The Act of 1884, amendatory of the Attachment Law, had no application to this attachment, which was pending when it was passed. Powers v. Wright, Ms. Opin.

*Reversed* and remanded for a new trial.